STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
CHRISTOHER K. PELHAM (Cal. Bar No. 241068)
Assistant United States Attorney
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0610
    Facsimile: (213) 894-6269
    E-mail:   christopher.pelham@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14-267-MWF |
| Plaintiff, | |
| v. | PLEA AGREEMENT FOR DEFENDANT MIGUEL ANGEL FLORES |
| MIGUEL ANGEL FLORES, | |
| Defendant. | |

    1.    This constitutes the plea agreement between MIGUEL ANGEL FLORES ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the lesser-included offense charged in Count One of the above-captioned Indictment, which

1 charges defendant with conspiracy to distribute, and possess with
2 intent to distribute,  methamphetamine, in violation of 21 U.S.C.
3 §§ 846, 841(a)(1), and 841(b)(1)(C).

4     b.   Not contest facts agreed to in this agreement.

5     c.   Abide by all agreements regarding sentencing contained
6 in this agreement.

7     d.   Appear for all court appearances, surrender as ordered
8 for service of sentence, obey all conditions of any bond, and obey
9 any other ongoing court order in this matter.

10     e.   Not commit any crime; however, offenses that would be
11 excluded for sentencing purposes under United States Sentencing
12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
13 within the scope of this agreement.

14     f.   Be truthful at all times with Pretrial Services, the
15 United States Probation Office, and the Court.

16     g.   Pay the applicable special assessment at or before the
17 time of sentencing unless defendant lacks the ability to pay and
18 prior to sentencing submits a completed financial statement on a form
19 to be provided by the USAO.

20 THE USAO'S OBLIGATIONS

21    3.   The USAO agrees to:

22     a.   Not contest facts agreed to in this agreement.

23     b.   Abide by all agreements regarding sentencing contained
24 in this agreement.

25     c.   At the time of sentencing, move to dismiss the
26 remaining counts of the indictment as against defendant.  Defendant
27 agrees, however, that at the time of sentencing the Court may
28 consider any dismissed charges in determining the applicable

1  Sentencing Guidelines range, the propriety and extent of any

2  departure from that range, and the sentence to be imposed.

3       d.   At the time of sentencing, provided that defendant

4  demonstrates an acceptance of responsibility for the offense up to

5  and including the time of sentencing, recommend a two-level reduction

6  in the applicable Sentencing Guidelines offense level, pursuant to

7  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

8  additional one-level reduction if available under that section.

9       e.   At the time of sentencing, move to dismiss any

10 information filed against defendant on pursuant to Title 21, United

11 States Code, Section 851.  Defendant agrees, however, that at the

12 time of sentencing the Court may consider the dismissed count of any

13 such information in determining the applicable Sentencing Guidelines

14 range, the propriety and extent of any departure from that range, and

15 the sentence to be imposed after consideration of the Sentencing

16 Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

17                       NATURE OF THE OFFENSE

18 4.    Defendant understands that for defendant to be guilty of

19 the crime charged in Count One of the Indictment, that is, conspiracy

20 to distribute methamphetamine in violation of Title 21, United States

21 Code, Section 846, the following must be true: First, on the dates

22 set forth in the Indictment, there was an agreement between two or

23 more persons to commit the crime of distribution of methamphetamine

24 in violation of Title 21, United States Code, Section 841(a)(1); and,

25 second, the defendant became a member of the conspiracy knowing of

26 this object and intending to help it.

27

28

                                   3

PENALTIES

1

2    5.    Defendant understands that the statutory maximum sentence

3    that the Court can impose for a violation of Title 21, United States

4    Code, Sections 846, 841(a)(1), and 841(b)(1)(C), is: a 20-year term

5    of imprisonment; a lifetime period of supervised release; a fine of

6    $5 million or twice the gross gain or gross loss resulting from the

7    offense, whichever is greatest; and a mandatory special assessment of

8    $100.

9    6.    Defendant understands that supervised release is a period

10   of time following imprisonment during which defendant will be subject

11   to various restrictions and requirements.  Defendant understands that

12   if defendant violates one or more of the conditions of any supervised

13   release imposed, defendant may be returned to prison for all or part

14   of the term of supervised release authorized by statute for the

15   offense that resulted in the term of supervised release.

16   7.    Defendant understands that, by pleading guilty, defendant

17   may be giving up valuable government benefits and valuable civic

18   rights, such as the right to vote, the right to possess a firearm,

19   the right to hold office, and the right to serve on a jury.

20   Defendant understands that once the court accepts defendant's guilty

21   plea, it will be a federal felony for defendant to possess a firearm

22   or ammunition.  Defendant understands that the conviction in this

23   case may also subject defendant to various other collateral

24   consequences, including but not limited to revocation of probation,

25   parole, or supervised release in another case and suspension or

26   revocation of a professional license.  Defendant understands that

27   unanticipated collateral consequences will not serve as grounds to

28   withdraw defendant's guilty plea.

8.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning no later than in December 2011, and continuing at least until March 2012, defendant and several co-conspirators knowingly and intentionally agreed with one another to distribute methamphetamine throughout parts of California.  Defendant became a member of this conspiracy knowing of this object and intending to help accomplish it.  In furtherance of the conspiracy, defendant facilitated contact between a large-volume supplier located in Los

5

1  Angeles County and a potential drug distributor located in or near
2  Fresno, California.
3       In furtherance of the conspiracy, and within the Central
4  District of California and elsewhere, defendant did the following, at
5  the behest of a co-conspirator, on or about the following dates:
6       - On March 1, 2012, using coded language in a telephone
7            conversation, defendant talked to a Southern California-based
8            methamphetamine supplier (the "Supplier") about acquiring a
9            new provision of the drug.
10      - On March 1, 2012, using coded language in a telephone
11           conversation, the Supplier told defendant that the Supplier
12           could sell a pound of methamphetamine in exchange for $9,500.
13      - On March 1, 2012, using coded language in a telephone
14           conversation, defendant told the Supplier that the Supplier
15           would be paid in cash for a new drug supply.
16
17                          SENTENCING FACTORS
18      10.   Defendant understands that in determining defendant's
19  sentence the Court is required to calculate the applicable Sentencing
20  Guidelines range and to consider that range, possible departures
21  under the Sentencing Guidelines, and the other sentencing factors set
22  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
23  Sentencing Guidelines are advisory only, that defendant cannot have
24  any expectation of receiving a sentence within the calculated
25  Sentencing Guidelines range, and that after considering the
26  Sentencing Guidelines and the other § 3553(a) factors, the Court will
27  be free to exercise its discretion to impose any sentence it finds
28

1  appropriate between the mandatory minimum and up to the maximum set

2  by statute for the crime of conviction.

3      11.   Defendant and the USAO agree to the following applicable

4  Sentencing Guidelines factors:

5      Base Offense Level:          12     [U.S.S.G. § 2D1.1(c)(14)]

6

7  Defendant and the USAO reserve the right to argue that additional

8  specific offense characteristics, adjustments, and departures under

9  the Sentencing Guidelines are appropriate.  Defendant understands

10  that defendant's offense level could be increased if defendant is a

11  career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's

12  offense level is so altered, defendant and the USAO will not be bound

13  by the agreement to Sentencing Guideline factors set forth above.]

14      12.   Defendant understands that there is no agreement as to

15  defendant's criminal history or criminal history category.

16      13.   Defendant and the USAO agree that:

17          a.   Defendant did not use violence or credible threats of

18  violence or possess a firearm or other dangerous weapon (or induce

19  another participant to do so) in connection with the offenses charged

20  in the above-captioned indictment;

21          b.   The offenses charged in the above-captioned indictment

22  did not result in death or serious bodily injury to any person; and

23          c.   Defendant was not an organizer, leader, manager, or

24  supervisor of others in the offense charged in the above-captioned

25  indictment and was not engaged in a continuing criminal enterprise.

26      14.   Defendant and the USAO reserve the right to argue for a

27  sentence outside the sentencing range established by the Sentencing

28

1   Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

2   (a)(2), (a)(3), (a)(6), and (a)(7).

3        15.  At the time of sentencing, and consistent with the United

4   States Sentencing Commission's April 10, 2014 amendment to the Drug

5   Quantity Table found in subsection (c) of § 2D1.1, defendant and the

6   USAO will recommend that the Court impose a further two-level

7   downward variance from the otherwise-applicable Sentencing Guidelines

8   range.

9                    WAIVER OF CONSTITUTIONAL RIGHTS

10        16.  Defendant understands that by pleading guilty, defendant

11  gives up the following rights:

12             a.    The right to persist in a plea of not guilty.

13             b.    The right to a speedy and public trial by jury.

14             c.    The right to be represented by counsel – and if

15  necessary have the court appoint counsel -- at trial.  Defendant

16  understands, however, that, defendant retains the right to be

17  represented by counsel – and if necessary have the court appoint

18  counsel – at every other stage of the proceeding.

19             d.    The right to be presumed innocent and to have the

20  burden of proof placed on the government to prove defendant guilty

21  beyond a reasonable doubt.

22             e.    The right to confront and cross-examine witnesses

23  against defendant.

24             f.    The right to testify and to present evidence in

25  opposition to the charges, including the right to compel the

26  attendance of witnesses to testify.

27

28

                                    8

1       g.    The right not to be compelled to testify, and, if
2  defendant chose not to testify or present evidence, to have that
3  choice not be used against defendant.
4       h.    Any and all rights to pursue any affirmative defenses,
5  Fourth Amendment or Fifth Amendment claims, and other pretrial
6  motions that have been filed or could be filed.
7                   WAIVER OF APPEAL OF CONVICTION
8       17.   Defendant understands that, with the exception of an appeal
9  based on a claim that defendant's guilty plea was involuntary, by
10 pleading guilty defendant is waiving and giving up any right to
11 appeal defendant's conviction on the offense to which defendant is
12 pleading guilty.
13              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE
14      18.   Defendant agrees that, provided the Court imposes a total
15 term of imprisonment on all counts of conviction of no more than 21
16 months, defendant gives up the right to appeal all of the following:
17 (a) the procedures and calculations used to determine and impose any
18 portion of the sentence; (b) the term of imprisonment imposed by the
19 Court; (c) the fine imposed by the court, provided it is within the
20 statutory maximum; (d) the term of probation or supervised release
21 imposed by the Court, provided it is within the statutory maximum;
22 and (f) any of the following conditions of probation or supervised
23 release imposed by the Court: the conditions set forth in General
24 Orders 318, 01-05, and/or 05-02 of this Court; the drug testing
25 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
26 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).
27      19.   The USAO agrees that, provided all portions of the sentence
28 are at or above the statutory minimum and at or below the statutory

1  maximum specified above, the USAO gives up its right to appeal any
2  portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

4      20.   Defendant agrees that if, after entering a guilty plea
5  pursuant to this agreement, defendant seeks to withdraw and succeeds
6  in withdrawing defendant's guilty plea on any basis other than a
7  claim and finding that entry into this plea agreement was
8  involuntary, then (a) the USAO will be relieved of all of its
9  obligations under this agreement; and (b) should the USAO choose to
10  pursue any charge or any allegation of a prior conviction for a
11  felony drug offense that was either dismissed or not filed as a
12  result of this agreement, then (i) any applicable statute of
13  limitations will be tolled between the date of defendant's signing of
14  this agreement and the filing commencing any such action; and
15  (ii) defendant waives and gives up all defenses based on the statute
16  of limitations, any claim of pre-indictment delay, or any speedy
17  trial claim with respect to any such action, except to the extent
18  that such defenses existed as of the date of defendant's signing this
19  agreement.

### EFFECTIVE DATE OF AGREEMENT

21      21.   This agreement is effective upon signature and execution of
22  all required certifications by defendant, defendant's counsel, and an
23  Assistant United States Attorney.

### BREACH OF AGREEMENT

25      22.   Defendant agrees that if defendant, at any time after the
26  signature of this agreement and execution of all required
27  certifications by defendant, defendant's counsel, and an Assistant
28  United States Attorney, knowingly violates or fails to perform any of

1   defendant's obligations under this agreement ("a breach"), the USAO
2   may declare this agreement breached.  All of defendant's obligations
3   are material, a single breach of this agreement is sufficient for the
4   USAO to declare a breach, and defendant shall not be deemed to have
5   cured a breach without the express agreement of the USAO in writing.
6   If the USAO declares this agreement breached, and the Court finds
7   such a breach to have occurred, then: (a) if defendant has previously
8   entered a guilty plea pursuant to this agreement, defendant will not
9   be able to withdraw the guilty plea, and (b) the USAO will be
10  relieved of all its obligations under this agreement.

11      23.  Following the Court's finding of a knowing breach of this
12  agreement by defendant, should the USAO choose to pursue any charge
13  or any allegation of a prior conviction for a felony drug offense
14  that was either dismissed or not filed as a result of this agreement,
15  then:

16          a.   Defendant agrees that any applicable statute of
17  limitations is tolled between the date of defendant's signing of this
18  agreement and the filing commencing any such action.

19          b.   Defendant waives and gives up all defenses based on
20  the statute of limitations, any claim of pre-indictment delay, or any
21  speedy trial claim with respect to any such action, except to the
22  extent that such defenses existed as of the date of defendant's
23  signing this agreement.

24          c.   Defendant agrees that: (i) any statements made by
25  defendant, under oath, at the guilty plea hearing (if such a hearing
26  occurred prior to the breach); (ii) the agreed to factual basis
27  statement in this agreement; and (iii) any evidence derived from such
28  statements, shall be admissible against defendant in any such action

11

1  against defendant, and defendant waives and gives up any claim under

2  the United States Constitution, any statute, Rule 410 of the Federal

3  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

4  Procedure, or any other federal rule, that the statements or any

5  evidence derived from the statements should be suppressed or are

6  inadmissible.

7                COURT AND PROBATION OFFICE NOT PARTIES

8      24.  Defendant understands that the Court and the United States

9  Probation Office are not parties to this agreement and need not

10  accept any of the USAO's sentencing recommendations or the parties'

11  agreements to facts or sentencing factors.

12      25.  Defendant understands that both defendant and the USAO are

13  free to: (a) supplement the facts by supplying relevant information

14  to the United States Probation Office and the Court, (b) correct any

15  and all factual misstatements relating to the Court's Sentencing

16  Guidelines calculations and determination of sentence, and (c) argue

17  on appeal and collateral review that the Court's Sentencing

18  Guidelines calculations and the sentence it chooses to impose are not

19  error, although each party agrees to maintain its view that the

20  calculations in above are consistent with the facts of this case.

21  While this paragraph permits both the USAO and defendant to submit

22  full and complete factual information to the United States Probation

23  Office and the Court, even if that factual information may be viewed

24  as inconsistent with the facts agreed to in this agreement, this

25  paragraph does not affect defendant's and the USAO's obligations not

26  to contest the facts agreed to in this agreement.

27      26.  Defendant understands that even if the Court ignores any

28  sentencing recommendation, finds facts or reaches conclusions

                                   12

1  different from those agreed to, and/or imposes any sentence up to the

2  maximum established by statute, defendant cannot, for that reason,

3  withdraw defendant's guilty plea, and defendant will remain bound to

4  fulfill all defendant's obligations under this agreement.  Defendant

5  understands that no one -- not the prosecutor, defendant's attorney,

6  or the Court -- can make a binding prediction or promise regarding

7  the sentence defendant will receive, except that it will be within

8  the statutory maximum.

9  <u>NO ADDITIONAL AGREEMENTS</u>

10      27.  Defendant understands that, except as set forth herein,

11  there are no promises, understandings, or agreements between the USAO

12  and defendant or defendant's attorney, and that no additional

13  promise, understanding, or agreement may be entered into unless in a

14  writing signed by all parties or on the record in court.

15  ///

16  ///

17  ///

1

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2      28.   The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
7 CALIFORNIA

8 STEPHANIE YONEKURA
Acting United States Attorney
9

10                                               12/4/14
   _____          _____
11 CHRISTOPHER K. PELHAM               Date
   Assistant United States Attorney
12                                              12/04/14
   _____          _____
13 MIGUEL ANGEL FLORES                Date
   Defendant
14                                            12/4/14
   _____          _____
15 ROBERT PATRICK STICHT              Date
   Attorney for Defendant Miguel
16 Angel Flores

17

18

19              CERTIFICATION OF DEFENDANT

20      I have read this agreement in its entirety.  I have had enough

21 time to review and consider this agreement, and I have carefully and

22 thoroughly discussed every part of it with my attorney.  I understand

23 the terms of this agreement, and I voluntarily agree to those terms.

24 I have discussed the evidence with my attorney, and my attorney has

25 advised me of my rights, of possible pretrial motions that might be

26 filed, of possible defenses that might be asserted either prior to or

27 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

28 of relevant Sentencing Guidelines provisions, and of the consequences

                            14

1  of entering into this agreement.  No promises, inducements, or

2  representations of any kind have been made to me other than those

3  contained in this agreement.  No one has threatened or forced me in

4  any way to enter into this agreement.  I am satisfied with the

5  representation of my attorney in this matter, and I am pleading

6  guilty because I am guilty of the charges and wish to take advantage

7  of the promises set forth in this agreement, and not for any other

8  reason.

9  *Miguel A* _____        12/04/14

10 MIGUEL ANGEL FLORES              Date
   Defendant

11

12

13              CERTIFICATION OF DEFENDANT'S ATTORNEY

14      I am MIGUEL ANGEL FLORES' attorney.  I have carefully and

15 thoroughly discussed every part of this agreement with my client.

16 Further, I have fully advised my client of his rights, of possible

17 pretrial motions that might be filed, of possible defenses that might

18 be asserted either prior to or at trial, of the sentencing factors

19 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

20 provisions, and of the consequences of entering into this agreement.

21 To my knowledge: no promises, inducements, or representations of any

22

23

24

25

26

27

28

1   kind have been made to my client other than those contained in this

2   agreement; no one has threatened or forced my client in any way to

3   enter into this agreement; my client's decision to enter into this

4   agreement is an informed and voluntary one; and the factual basis set

5   forth in this agreement is sufficient to support my client's entry of

6   a guilty plea pursuant to this agreement.

7

8   ROBERT PATRICK STICHT                    Date
    Attorney for Defendant Miguel

9   Angel Flores

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16