ROBERT PATRICK STICHT
State Bar No. 138586
Law Offices of Robert Patrick Sticht
P.O. Box 49457
Los Angeles, CA 90049
Tel: (310) 889-1950
Fax: (310) 889-1864
Email: LORPS@verizon.net

Attorney for Defendant,
Miguel Angel Flores

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIGUEL ANGEL FLORES,<br><br>Marcelino Arredondo-Sanchez, et al.,<br><br>　　　　　Defendants. | CR 14-00267-MWF-8<br><br>MIGUEL ANGEL FLORES'<br>SENTENCING POSITION;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES<br><br><br>Date: April 21, 2015<br>Time: 3:00 p.m. |

DEFENDANT MIGUEL ANGEL FLORES, by and through his attorney, Robert Patrick Sticht, pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure and Rule 32-3.2 of the Local Criminal Rules, hereby files his position regarding sentencing.

//

//

//

//

The defendant's sentencing position is based on the attached memorandum of points and authorities, the file and record in this case, and any oral argument and evidence that the court may allow.

Dated: March 31, 2015            Respectfully submitted,


                                        /s/ Robert Patrick Sticht.
                                        ROBERT PATRICK STICHT

                                        Attorney for Defendant
                                        Miguel Angel Flores

MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

This matter is before the Court for sentencing of defendant Miguel Angel Flores ("Flores") on his plea to the lesser-included offense in Count One of the indictment, conspiracy to distribute and possess with intent to distribute methamphetamine, a violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Flores is 39 years old. Presentence Report ("PSR") ¶ 51. He has a history of addiction to methamphetamine that started in 2001 (age 26) and continued until his arrest and detention in this case on June 13, 2014 (age 38). PSR ¶ 60. Flores also has a criminal history (three state convictions resulting in nine criminal history points) due in large part to his drug addiction, and has served time in prison for each of his convictions. PSR ¶¶ 41-43. Flores accepted Jesus Christ as Lord and Savior after joining an inmate prayer group at the MDC following his arrest in this case. PSR ¶ 59. He has stopped using drugs, and, since his release on bond on January 14, 2015, Flores has attended weekly meetings at "Celebrating Recovery," a religious rehabilitation program, in Kingsburg. PSR ¶¶ 59-60. Flores respectfully urges the Court to find that a sentence of TIME SERVED (seven months) represents a reasonable sentence that is sufficient but not greater than necessary to achieve the goals of sentencing.

II.  ARGUMENT

A.  The Sentencing Statute

18 U.S.C. § 3553(a) requires the Court to impose a sentence "sufficient, but not greater than necessary" to comply with the following four purposes of sentencing:

(A)  to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense (retribution);

    (B)    to afford adequate deterrence to criminal conduct (deterrence);

    (C)    to protect the public from further criminal conduct (incapacitation);

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner (rehabilitation).

*See* 18 U.S.C. § 3553(a)(2); *Rita v. United States*, 551 U.S. 338, 348 (2007).

The Court, in determining the particular sentence to be imposed, must consider the following factors:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the particular sentence imposed to address the purposes set forth above – just punishment, general deterrence, incapacitation of the offender, and rehabilitation;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established by the sentencing guidelines in effect on the date of sentencing;

    (5)    any pertinent policy statements in effect on the date of sentencing;

    (6)    the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a)(1)-(7).

//

B.  Sentencing Guidelines Range

The Sentencing Guidelines range is fourth in the list of Section 3553(a) factors. However, "[a]s a matter of administration and to secure nationwide consistency," all sentencing proceedings should begin by correctly calculating the applicable Sentencing Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007), *citing Rita v. United States*, 551 U.S. 338, 347-48 (2007).

1.  Offense Level.

Flores agrees with the findings in the PSR that the base offense level is 12 as set forth in the parties' plea agreement. PSR ¶ 28; that Flores is entitled to a two-level reduction for acceptance of responsibility. PSR ¶ 35; and that the resulting total offense level is 10. PSR ¶ 36. However, as explained below, Flores urges the Court to find a two-level mitigating role adjustment for his minor role in the offense. With that adjustment, his total offense level would be 8.

2.  Minor Role Adjustment.

Flores urges a two-level mitigating role adjustment for his minor role in the offense. Section 3B1.2 of the advisory Sentencing Guidelines "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." *U.S.S.G. § 3B1.2, cmt. n.3(A)*. "The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *U.S.S.G. § 3B1.2, cmt. n.3(C)*. The minimal participant adjustment under subsection (a) "is intended to cover defendants who are plainly among the least culpable of those

-5-

involved in the conduct of a group." *U.S.S.G. § 3B1.2, cmt. n.4.* "Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* The minor participant adjustment under subsection (b) "applies to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." *U.S.S.G. § 3B1.2, cmt. n.5.*

To qualify for a downward role adjustment, the defendant must be substantially less culpable than the average participant. A defendant's conduct is assessed against the conduct of his co-participants in the overall criminal scheme, not against that of the hypothetical average participant in the same type of crime. *See United States v. Benitez*, 34 1489, 1497-98 (9th Cir. 1994) (regarding adjustment for minor participant); *United States v. Petti*, 973 1441, 1446-47 (9th Cir. 1992) (regarding adjustment for minimal participant). The comparison looks not only at charged conduct, but "all relevant conduct, including collateral conduct beyond the charged offense," *United States v. Webster*, 996 F.2d 209, 212 (9th Cir. 1993), and to "all actors who participated in a given criminal scheme" rather than "the particular defendants standing trial in a given case." *United States v. Rojas-Millan*, 234 464, 473 (9th Cir. 2000).

Flores, a minor participant in the overall instant offense, urges a 2-level decrease in the base offense level. Flores furthered the conspiracy by facilitating contact between a large-volume supplier in Los Angeles County and a potential drug distributor located in or near Fresno, California. Clerk's Record ("CR") 109 (Plea Agreement) at 5-6. At the behest of his co-conspirator, Flores, on March 1, 2012, (i) talked to the supplier about acquiring a new provision of methamphetamine, (ii) was

-6-

told by the supplier that the supplier could sell a pound of methamphetamine in exchange for $9,500, and (iii) told the supplier that the supplier would be paid in cash for a new drug supply. *Id.* at 6.

At the time, Flores was a methamphetamine addict. PSR ¶ 60 ("At age 26, he began smoking marijuana and using methamphetamine.  By age 30, he had 'lost everything.'  His family tried to get him into a treatment program, but he was 'too stubborn.'"); PSR ¶ 59 ("All of his prior problems have been due to his drug use."); PSR ¶ 66 ("The defendant . . . has not held many jobs because he was 'too much into my addiction to work.'").

Flores' part in committing the offense makes him substantially less culpable than the average participant.  His co-participants in the overall criminal scheme, for example, arranged for shipments of large quantities of methamphetamine and cocaine from suppliers in Mexico, sent large quantities of such drugs from Mexico to California, sold large quantities of pseudoephedrine/ephedrine for use in the large-scale production of methamphetamine, purchased cocaine and marijuana and resold it in Chicago and other markets, operated drug stash houses, and the like. CR 1 (Indictment) at 3. *Cf. United States v. Awad*, 371 F.3d 583, (9th Cir. 2004) ("Awad actually brokered and facilitated the drug deal ... he appears to have played an integral role in the entire process."); *United States v. Laurienti*, 611 F.3d 530, 552 (9 Cir. 2010) (Laurienti "played a key role by convincing unwitting clients to purchase house stocks."); *United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000) ("Hursh was the driver and sole occupant of a vehicle in which a substantial amount of marijuana was hidden, and the evidence proved that Hursh knew the drugs were in the gas tank.");

*see also United States v. Kirchmeier*, 337 Fed. Appx. 728, 729, 2009 U.S. App. LEXIS 16204 (9th Cir. 2009) (unpublished) ("the record demonstrates that Kirchmeier brokered some of the drug deals."); *United States v. Macias-Valencia*, 2009 U.S. App. LEXIS 4504 (9th Cir. 2009) (unpublished) ("Macias did substantially participate in the meeting at which the drugs would actually be bought.  He drove his brother to the meeting and assuaged the seller's concerns that he and his brother might be cooperating with the police."); *United States v. Fernandez*, 299 Fed. Appx. 650, 651, 2008 U.S. App. LEXIS 22753 (9th Cir. 2008) (unpublished) ("his role in connecting the supplier of the drugs with the confidential informant was inconsistent with a minor role reduction.").

        3.    <u>Criminal History</u>.

Flores concurs that his criminal history score is nine, based on three points for a state conviction in 2006 and three points each for two state convictions in 2008, and, therefore, that his criminal history category is IV. PSR ¶¶ 41-45.

        4.    <u>Guidelines Range</u>.

Flores agrees that the applicable advisory Guidelines range for offense level 10, criminal history category IV, is 15-21 months, pursuant to the 2014 Guidelines manual. PSR ¶ 71.  However, as stated above, a minor role adjustment would decrease the offense level to 8.  The applicable advisory Guidelines range for offense level 8, criminal history category IV, is 10-16 months. U.S. Sentencing Guidelines Manual Sentencing Table.

        5.    <u>Variance</u>.

The Probation Officer did not identify any factors that would warrant a

recommendation for a variance from the advisory Guidelines range. PSR ¶ 86. However, consistent with the U.S. Sentencing Commission's April 10, 2014 amendment to the drug quantity table in § 2D1.1(c), the parties agreed to recommend that the Court impose an additional two-level downward variance from the applicable Guidelines range. CR 109 (Plea Agreement) at 8.  This adjustment would lower the offense level from 8 to 6.  The advisory Guidelines range for offense level 6, criminal history category IV, is 6-12 months. *Id.*

III.   CONCLUSION

For the foregoing reasons, Flores respectfully requests that the Court impose a sentence of TIME SERVED, supervised release for a term of three years, and the mandatory $100 special assessment, and further order that all fines be waived.

Dated: March 31, 2015                          Respectfully submitted,


                                                  /s/ Robert Patrick Sticht.
                                                 ROBERT PATRICK STICHT

                                                 Attorney for Defendant
                                                 Miguel Angel Flores