STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER K. PELHAM (Cal. Bar No. 241068)
Assistant United States Attorney
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0610
     Facsimile: (213) 894-0142
     E-mail:    christopher.pelham@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>MIGUEL ANGEL FLORES,<br><br>　　　　Defendant. | No. CR 14-267-MWF<br><br>GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT MIGUEL ANGEL FLORES |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Christopher K. Pelham, hereby files it sentencing position as to defendant MIGUEL ANGEL FLORES ("defendant") in the above-captioned case.

This sentencing position brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

For the reasons set forth in the attached memorandum, the government believes that defendant should be sentenced to a term of imprisonment of **15 months**.

Dated: April 15, 2015            Respectfully submitted,

                                       STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


                                          /s/
CHRISTOPHER K. PELHAM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

On January 5, 2015, defendant pleaded guilty to one count of drug conspiracy, in violation of 21 U.S.C. § 846 and Count One of the Indictment.  Under his plea agreement with the government, defendant stipulated and admitted that between about December 2011 and March 2012, defendant and others agreed and conspired to distribute methamphetamine throughout California.  (Plea Agreement ¶ 9.) Defendant agreed that he liaised between a large-scale drug trafficker in Southern California and a reseller in Fresno.  (Id.) Defendant admitted that, in furtherance of that conspiracy, he made several phone calls in which he negotiated a wholesale price of methamphetamine with the trafficker.  (Id.)  The parties' factual stipulation did not indicate that the defendant was successful in finalizing any drug deals or initiating any drug shipments (and the government will not present any such evidence at sentencing).

In the Plea Agreement, defendant and the government reserved their right to argue for other adjustments, and the parties did not stipulate as to any role or other factors for sentencing.  The parties did agree, however, that in light of a 2014 amendment to the Guidelines, defendant should receive a two-level variance from the otherwise-applicable base offense level.

**II.   FINDINGS AND RECOMMENDATIONS OF THE PROBATION OFFICE**

The Probation Office adopted the factual stipulation of the parties and applied the lowest base offense level applicable to the trafficking of methamphetamine – 12.  (PSR ¶ 28.)  The Probation Office also applied a 2-level adjustment for acceptance-of-responsibility, resulting in a final offense level of 10.  (PSR

¶ 35.)  Finally, the Probation Office determined that defendant has a total of nine criminal history points based on three separate convictions (f    or drug possession, possession of stolen property, and car theft) between 2003 and 2008.  (PSR ¶¶ 40-43.)  The PSR sets defendant's criminal history category as IV.  (PSR ¶ 45.)

**III. GOVERNMENT'S RECOMMENDATION**

The government concurs with the Probation Office's findings. The government ultimately recommends that the Court find that defendant have a total offense level of **8** (12 (base offense level) minus 2 (Booker variance) minus 2 (acceptance-of-responsibility)).

As to the base offense level, paragraph 15 of the plea agreement binds the government to recommend a downward-variance of two levels based on the April 2015 amendment to the sentencing guidelines.  This provision is erroneous: the amendment to the guidelines did not change the base offense level for defendants who are convicted of trafficking less than 2.5 grams of methamphetamine.  Defendant did not benefit from the amendment.  Nevertheless, the government persists in its recommendation of a two-level variance, not only because of its agreement to do so, but also because the government recognizes that defendant has not sustained a drug conviction since 2005.  Defendant may merit some variance from the guidelines based on the fact that he has only sustained one previous drug felony conviction.

As to a minor role adjustment, the government disagrees with defendant.  While defendant played a less serious role in this conspiracy (since he only appears to have served as a middleman for a drug transaction that may or may not have been finalized), his low base offense level, and the fact that he has not stipulated to a

specific drug quantity, indicate that defendant "has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct." Guidelines § 3B1.2, Application Note 3(b). Defendant is not substantially, or any, less culpable than any co-conspirator whose role was also so limited. Id.

Finally, the government has recommended a high mid-range sentence in this case because while defendant has a limited drug conviction history, he does have two serious prior convictions for which he received lengthy state sentences. In both 2006 and 2008, defendant was convicted of property theft offenses, and he received two-year prison sentences in each case. These successive sentences were not enough to discourage defendant from the instant conduct. The government believes that a sentence below the government's recommendation would be insufficient to remind defendant of the seriousness of his conduct and the need to follow the law.